UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALICE GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 2264 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| MIDLAND FUNDING, LLC, and MIDLAND CREDIT MANAGEMENT, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Alice Gray sued Midland Funding, LLC and Midland Credit Management, Inc. (together, "Midland"), alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Doc. 1. Some two months after suit was filed, Midland made an offer of judgment of $1,001.00 in damages plus attorney fees and costs, Doc. 18, which Gray accepted, Doc. 17. The court entered judgment in the amount of $1,001.00 and initiated the Local Rule 54.3 process to determine Gray's attorney fees and costs. Docs. 19-20.

"Plaintiffs who prevail under the [FDCPA] are entitled to an award of costs and reasonable attorney's fees." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). Gray seeks $4,515.10 in attorney fees and $500 in costs. Doc 35 at 1. Midland does not dispute the $500 in costs, but argues that Gray is entitled to no more than $1,537.92 in fees and costs. *Ibid.* (Midland's suggestion that Gray should be awarded no fees because she was tardy in making her Local Rule 54.3 disclosures, Doc. 38 at 3, is rejected because the tardiness was slight and harmless.)

The governing law is well-settled. "Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar—the attorney's

1

reasonable hourly rate multiplied by the number of hours reasonably expended." *Schlacher*, 574 F.3d at 856 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)); *see also Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) ("The touchstone for a district court's calculation of attorney's fees is the lodestar method, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended."). In determining the lodestar, the court must bear in mind that the defendant "is not required to pay for hours that are 'excessive, redundant, or otherwise unnecessary.'" *Johnson v. GDF, Inc.*, 668 F.3d 927, 931 (7th Cir. 2012) (quoting *Hensley*, 461 U.S. at 434); *see also Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir. 1999) ("Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended.") (internal quotation marks omitted). After calculating the lodestar, "[t]he district court may then adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Schlacher*, 574 F.3d at 856-57.

To say that the parties over-litigated Gray's fee petition would be an understatement. Although less than $3,000 separates the parties, Gray filed a fifteen-page initial brief with four exhibits, Doc. 34, Midland filed a fifteen-page response brief with twenty-two exhibits, Doc. 38, and Gray filed a nine-page reply brief, Doc. 43. The briefs quibble over matters as consequential as whether Gray's counsel should have billed 0.1 hours or, rather, 0.2 hours or 0.3 hours on certain tasks. Doc. 38 at 10-13; Doc. 43 at 5-6. Midland then filed a six-page supplemental brief with six exhibits addressing whether Gray's counsel misled the court in stating that their law firm did not have two paralegals, Doc. 51, and Gray responded with a seven-page brief getting into the weeds of whether the individuals in question were truly paralegals and when precisely they worked for the firm, Doc. 52.

2

As the Supreme Court recently observed, "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Given this principle, and as the Seventh Circuit has deemed appropriate in small-stakes cases like this one, addressing and resolving each of the picayune disputes presented by the parties is unnecessary: "[I]n small cases, the amount at issue in the request for lawyers' fees may be too slight to justify cutting it with laser precision. The meat-axe approach (we called it 'trimming fat from a fee application' in *Tomazzoli* … ) may be acceptable in such a case." *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992) (quoting *Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir. 1986)); *see also Schlacher*, 574 F.3d at 858 ("[W]hen fees are less substantial, we may affirm so long as the district court exercised its discretion in a manner that is not arbitrary and is likely to arrive at a fair fee.") (internal quotation marks omitted); *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("[A] district court may either strike the problematic entries *or* (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage.") (emphasis added); *Tomazzoli*, 804 F.2d at 98 ("The district court acted within its discretion when it chose to cut the number of hours by a lump sum in response to appellees' claim that the time was inflated. We endorse the court's approach as a practical means of trimming fat from a fee application; it is generally unrealistic to expect a trial court to evaluate and rule on every entry in an application.").

This case could hardly have been simpler for Gray's counsel to litigate over the two months of its existence. Counsel's principal obligations were to meet with Gray; obtain and review the relevant documents, which were minimal; review any developments in the governing case law; prepare and file the short, largely boilerplate complaint, which is substantially similar

3

to the dozens of FDCPA complaints counsel files each year in this District; and review Midland's offer of judgment and discuss it with Gray. Doc. 35-1 at 2-3. Other than ministerial tasks, there was no need to do anything else, such as "prepare notes" for a motion to strike Midland's affirmative defenses the day *after* receiving an offer of judgment in which Midland offered more than the statutory damages available under the FDCPA. *Id*. at 3. All told, seven hours—1.0 hour to meet with Gray, 1.25 hours to obtain and review the relevant documents, 2.25 hours to draft the complaint and update the governing case law, 1.0 hour to review the offer of judgment and discuss it with Gray, and 1.5 hours for myriad ministerial tasks—is the outer bound of what counsel reasonably should have expended on this case.

As for the appropriate hourly rates for Gray's counsel, the court recently held that reasonable hourly rates in a simple FDCPA case like this one are $327 for Attorney Michael Wood and $315 for Attorney Celetha Chatman. *See Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 338 F. Supp. 3d 729, 735 (N.D. Ill. 2018), *appeal docketed*, No. 18-2358 (7th Cir.). Gray offers no good reason to reach a different result here. As to which rate to apply to the seven hours of compensable time, a blended hourly rate of $321 is appropriate. *See Ustrak v. Fairman*, 851 F.2d 983, 989 (7th Cir. 1988) (implementing a blended rate approach in similar circumstances). This yields a lodestar of $2,247 ($321 x 7 hours). And given the grounds for the court's calculation of the lodestar, as well as the decent result obtained by counsel (one dollar more than the maximum statutory damages available), there is no need to adjust the fee award downward or upward from the lodestar. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a

4

reasonable fee."); *Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 647 (7th Cir. 1995) (holding that, in adjusting the lodestar downward, "the district court [must] not engage in double-counting" by again considering factors already considered in calculating the lodestar).

In sum, Gray is entitled to an award of $2,247.00 in attorney fees and $500.00 in costs, for a total award of $2,747.00.

September 27, 2019

United States District Judge